GARY R. STICKELL,
Attorney at Law, P.C.
301 E. Bethany Home Road, Suite B100
Phoenix, Arizona 85012
(602) 266-2622
Facsimile: 602-266-0036
Email: gstickell@garystickell.net

Gary R. Stickell
AZ Bar #007512
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re

NATHANIEL DAGGS,

Debtor.

In Proceedings Under Chapter 13

No. 4:11-bk-02447 EWH

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND FEE APPLICATION**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income.</u> Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-13 (March 2011 through March 2012 | $1,320.00 |
| 15-60 (April 2012 through February 2016) | $1,620.00 |

The payments are due on or before the 2nd day of each month commencing March 2, 2011. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan is deemed completed.

The Debtor shall provide, directly to the Trustee copies of his **federal** and **state** income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtor's annual disposable income.

(2) <u>Other Property.</u> In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative Expenses:</u>

<u>Attorney Fees.</u> Gary R. Stickell, shall be allowed total compensation of $4,000. Counsel received $1,000 prior to filing this case and will be paid $3,000 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property:</u>

(a) None

(3) <u>Claims Secured by Personal Property:</u>

(a) Wells Fargo, secured by a lien in a 2002 Jeep Wrangler was paid off due to auto accident....

(4) <u>Unsecured Priority Claims:</u>

(a) The Department of the Treasury/Internal Revenue Service has an unsecured priority claim for income taxes for 2009 and 2010. This creditor will be paid $8,764.75, the total priority claim through the plan with no interest.

- 2 -

*In Re: DAGGS*
*Case No. 4:11-bk-02447*

(b) The Arizona Department of Revenue has an unsecured priority claim for income taxes for 2010. This creditor will be paid $102.00, the total priority claim through the plan with no interest.

(5) <u>Surrendered Property:</u> Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

None

(6) <u>Other Provisions:</u> None.

(7) <u>Unsecured Nonpriority Claims:</u> All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Dianne Crandell Kerns, Trustee

*In Re:* <u>DAGGS</u>
Case No. <u>4:11-bk-02447</u>

- 3 -

_____
Gary R. Stickell
Attorney for Debtor

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
NATHANIEL DAGGS

- 4 -

In Re: *DAGGS*
Case No. *4:11-bk-02447*

Case 4:11-bk-02447-SHG   Doc 49   Filed 03/01/12   Entered 03/01/12 14:37:39   Desc
Main Document   Page 4 of 4