Brian N. Spector - 010112
**SCHNEIDER & ONOFRY, P.C.**
3101 N. Central Avenue, Suite 600
Phoenix, Arizona 85012
Telephone: (602) 200-1295
Facsimile: (602) 230-8985
Email: bspector@soarizonalaw.com

Pro Bono Counsel for Rosa Daggs

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>NATHANIEL DAGGS,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 4:11-bk-02447-EWH<br><br>**ROSA DAGGS' OBJECTION TO SECOND MODIFIED PLAN** |

Creditor Rosa Daggs hereby objects to the Debtor's Second Modified Plan dated December 4, 2015.

Rosa Daggs ("Ms. Daggs") is the Debtor's former spouse. She was awarded more than $120,000 as part of their dissolution proceedings; but the Debtor failed to comply with court orders obligating him to pay Ms. Daggs and eventually (in 2011) filed this bankruptcy case. Ms. Daggs is the primary unsecured creditor in this case.

Through the Second Modified Plan, the Debtor seeks (i) to reduce the total payments payable under its original Plan and (ii) forgiveness of various "delinquent payments in the amount of $3,388." (Doc 94 at 1, l. 27.) He does so based on his assertion of "changes in income and expenses from this point forward" (Doc. 94 at 1, lines 24-25). In support, the Debtor has filed and Amended Schedule I reflecting "Pension or retirement income" totaling $1,098. (Doc 95 at line 8g.) Ms. Daggs understands this information to be mis-reported. Specifically, she understands the Debtor

to be receiving a monthly military retirement of $1,236. Additionally, she understands that the Debtor is receiving a monthly pension from Arizona State University. ***The Debtor should be required to disclose the amount of his monthly ASU pension.*** Accordingly, this should not be the basis for requesting a reduction in payments. On the contrary, adding the additional pension and retirement income to Schedule I may give the Debtor the ability to pay *more*.

Pursuant to the original Plan, the Debtor was required to make $93,300 in total payments. (See the Stipulated Order Confirming Chapter 13 Plan at Doc 62.) That Plan was subsequently modified at the Debtor's request, but the total payments thereunder remained at $93,316. (See Stipulated Order Confirming Modified Chapter 13 Plan dated May 16, 2014 at Doc 85.) According to the Trustee's Plan Objection, the Debtor has only made payments totaling $84,540. (Doc 98 at 3, line 12.) Particularly in the foregoing context, the Debtor should be required to make good on its original agreement and pay the entire $8,760 difference before he is deemed to have completed all plan payments within the meaning of Bankruptcy Code Section 1328 and be eligible for a discharge thereunder.

Ms. Daggs further notes that the order confirming plan required the Debtor to annually provide his post-petition income tax returns "to assist the Trustee in determining any change in Debtor's annual disposable income." (Doc 62 at pp.1-2.) Judging from the Trustee's Objection (see Doc 98 at p. 4), the Debtor apparently has not done so.

In view of the foregoing, the court is requested to deny approval of the Debtor's Second Modified Plan and direct the Debtor to disclose (i) his 2011-2014 tax returns and

(ii) documentation evidencing his monthly ASU pension. Further, once the Debtor's pension and retirement income is properly disclosed, the Chapter 13 trustee, Ms. Daggs, or other unsecured claimants should be given an opportunity in accordance with Bankruptcy Code Section 1329(a) to propose a modification to *increase* the payments to be made under the Plan.

Dated December 21, 2015.

SCHNEIDER & ONOFRY, P.C.

By /s/*Brian N. Spector*
Brian N. Spector
3101 North Central Avenue, Suite 600
Phoenix, Arizona 85012-2658
Pro Bono Counsel for Rosa Daggs

COPY emailed this same date to:

Gary R. Stickell, Esq.
Attorney at Law, P.C.
301 E. Bethany Home Road, Suite B100
Phoenix, AZ 85012
Attorney for Debtor

Dianne C. Kerns
7320 N. La Cholla #154
Tucson, AZ 85741
Chapter 13 Trustee