# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|  |  |  |  |
|---|---|---|---|
| **Debtor:** | NATHANIEL DAGGS | | |
| **Case Number:** | 4:11-BK-02447-SHG | **Chapter:** | 13 |
| **Date / Time / Room:** | TUESDAY, MARCH 15, 2016 01:30 PM   COURTROOM 329 | | |
| **Bankruptcy Judge:** | SCOTT H. GAN | | |
| **Courtroom Clerk:** | WESLEY STANGRET | | |
| **Reporter / ECR:** | ALICIA JOHNS | | |

## *Matter:*

HEARING ON DEBTOR'S RESPONSE TO OBJECTION OF ROSA DAGGS TO SECOND MODIFIED PLAN.

**R / M #:**   99 / 0

## *Appearances:*

CRAIG MORRIS, ATTORNEY FOR DIANNE C. KERNS
GARY R. STICKELL, ATTORNEY FOR NATHANIEL  DAGGS
BRIAN SPECTOR, ATTORNEY FOR ROSA DAGGS

Case 4:11-bk-02447-SHG    Doc 113    Filed 03/15/16    Entered 03/21/16 13:42:08    Desc
Main Document    Page 1 of 3

03/21/2016   1:41:52PM

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...    4:11-BK-02447-SHG            **TUESDAY, MARCH 15, 2016 01:30 PM**

## *Proceedings:*

Mr. Morris states he has looked at the cases cited by Mr. Stickell.

Mr. Stickell gives background on the debtor's position. He addresses the legal issue and whether it need to be briefed. He also addresses the objection by Mr. Spector's client in regards to the modification of the plan being filed in good faith.

The Court asks to hear from Mr Spector.

Mr. Spector provides background in regards to his client's claim. Mr. Spector notes that the claim the debtor seeks to discharge would be non-dischargable in a chapter 7 case. Mr. Spector's client relied upon the contents of the plan in regards to what action she should take. Since the plan provided for an acceptable amount of repayment on the claim, she decided not to object to confirmation of the plan, nor to seek dismissal or conversion. She also did not seek to have her claim held as non-dischargable. Mr. Spector states that this would be the second modification by the debtor, and that in this modification the debtor would be removing $1,000 that was reported as income to fund the plan. Mr. Spector also states that when he has asked about those monies, they were informed, for the first time, that the debtor had received a one-time lump some payment from his retirement. Mr. Spector still has not received disclosure regarding what was done with that lump sum. As a result, Mr. Spector's client feels deceived as nearly all the remaining amounts payable under the plan would be paid to her. Lastly, Mr. Spector argues that not only must the initial plan be proposed in good faith, but any modifications must be proposed in good faith.

The Court asks if Mr. Spector wants an evidentiary hearing set on the issue of whether the plan is proposed in good faith. The Court also asks if Mr. Spector would like a chance to brief the issue of whether the retirement funds are still exempt or if they are now property of the estate. The Court also asks if there will be the need for discovery, and if so what kind and over what period of time.

Mr. Spector answers that the debtor has the burden of demonstrating good faith, and if the debtor fails to put on evidence, The Court must deny confirmation of the plan today. He believes that Mr. Stickell does plan on putting on evidence, however. Mr. Spector adds he does need time for discovery, as he feels there are discrepancies in what the debtor has been reporting and what has been shown on the debtor's tax return transcripts.

The Court asks if there will be a deposition.

Mr. Spector answers that he is not thinking of a deposition, only if the debtor provides him with the proper documents and disclosures.

The Court asks if Mr. Spector was thinking of filing a document production request.

Mr. Spector answers yes.

The Court then asks if Mr. Spector would file a brief once there was an understanding of the factual background is with regards to the disposition of the proceeds.

Mr. Spector answers he would like to reserve his right to file a brief if after further review he determines that additional briefing is appropriate.

The Court asks for a time frame for completion of discovery and when the evidentiary hearing could be set.

Mr. Spector answers he would need 45 to 60 days.

Mr. Stickell states he has questions in regards to the procedural aspects of the case, as the Trustee and Mr. Spector's client are trying to reopen other issues in a confirmed plan that has not been set aside. He feels there are legal hurdles that would come before the need for a evidentiary hearing. Mr. Stickell proposes a 30 day combined pre-trial and oral argument on this issue.

The Court states its view that the claim regarding the property being exempt may or may not be valid, but The Court needs to understand the facts surrounding how the money was distributed and how it was maintained. The Court reminds Mr. Stickell that if exempt property is not maintained as exempt property, it can lose its status, and those facts are unknown at this time. The Court also addresses that the debtor is seeking to modify the plan, and objections have been filed. The issues raised by Mr. Spector and the Trustee go to the question of good faith and whether the debtor is obligated to make payments he can make, or he is just simply refusing to make payments he doesn't want to make. The Court would like the parties to meet and confer, and exchange information so that an evidentiary hearing can be set within 60 days. The Court also proposes having a continued hearing in 30 days to see where the parties are on document production. The Court also addresses the fact that this was a 60 month plan that expired in February of 2016, so the only basis under which the plan could be confirmed would be if there was good cause shown to extend the 60 month period.

Mr. Stickell argues that a Chapter 13 plan cannot be extended past 60 months.

Case 4:11-bk-02447-SHG    Doc 113    Filed 03/15/16    Entered 03/21/16 13:42:08    Desc
Main Document    Page 2 of 3

03/21/2016  1:41:52PM

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

The Court asks if there is any point to consider the modification at this point.

Mr Stickell answers it would have to be a retroactive modification back to the date of filing to complete the 60 month plan.

The Court asks if it determines that the plan was not filed in good faith, and the debtor can't modify the plan, then would the debtor be ineligible for a discharge.

Mr. Stickell answers that the debtor would have to bring the payments current.

The Court states that the debtor would then be past the 60 month period, so how could that be possible while complying with the law. The Court states it is raising questions because it does not want to go through the process and then find out it doesn't matter and nothing gets accomplished.

COURT: THIS MATTER IS CONTINUED TO TUESDAY, APRIL 26, 2016 AT 2:00 PM

Case 4:11-bk-02447-SHG    Doc 113    Filed 03/15/16    Entered 03/21/16 13:42:08    Desc
Main Document    Page 3 of 3                                                03/21/2016    1:41:52PM